UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADER NADERI<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRA HEALTH SERVICES, INC.<br>and UNITED PARCEL SERVICE, INC.<br><br>Defendants. | Civil Action No. 21-18958 (JXN)(AME)<br><br>MEMORANDUM ORDER |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS's") motion to dismiss or, in the alternative, for a more definite statement of *pro se* Plaintiff Nader Naderi's ("Plaintiff's") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rules of Civil Procedure 8(a), (d)(1), 10(b), and 12(b)(6), (e) (ECF No. 22) (the "Motion"). Plaintiff filed opposition (ECF No. 42) (the "Opposition"), and UPS Replied (ECF No. 43) (the "Reply"). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

1. As an initial matter, UPS raises several procedural arguments related to the Opposition, including its untimeliness, and Plaintiff attaching "extraneous" documents and failing to respond to UPS's substantive arguments. Reply at 2-3[1]. In attaching the "extraneous" documents to the Opposition, the Court agrees that Plaintiff "presented to" the Court "matters outside the pleadings" (*see* Fed. R. Civ. P. 12(d)), including: (i) UPS's May 2, 2022 Objections

---

[1] The Court refers to the ECF Header page numbers at the top of the documents discussed herein.

and Responses to Plaintiff's Interrogatories (Ex. 1) ("UPS's Resp. to Pl.'s Rogs"); (ii) text or message communications from Plaintiff to an individual identified as Wander (Ex. 2); (iii) a November 5, 2019 letter from Harry Wilson ("Wilson") at UPS to Plaintiff (Ex. 3); (iv) Concentra Medical Center's Physician Work Activity Status Report for a December 4, 2019 Service Date (Ex. 4); (v) UPS's Return to Paycheck List for a check covering the December 1, 2019 to December 7, 2019 pay period for Plaintiff (Ex. 5); (vi) a December 13, 2019 letter from Wilson to Plaintiff (Ex. 6); (vii) a November 25, 2019 letter from Christopher McMiller ("McMiller") of UPS to Plaintiff (Ex. 7); (viii) a June 27, 2019 letter from McMiller to Plaintiff (Ex. 8); and (ix) Plaintiff's October 2018 Meadowlands Twilight UPS Certificate of Recognition (Ex. 9) (collectively, "the Extraneous Materials").

2. Pursuant to the Federal Rules of Civil Procedure, the Court may exclude the Extraneous Materials so as to not "treat[]" the Motion "as one for summary judgment under Rule 56[,]" Fed. R. Civ. P. 12(e). Indeed, a "district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" unless they are "*integral to or explicitly relied* upon in the complaint . . . ." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations and internal brackets omitted). Because the Extraneous Materials do not appear to be "integral to or explicitly relied upon" in the Complaint, the Court does not consider the Extraneous Materials in its decision here.

3. UPS next requests that the Court disregard Plaintiff's opposition and "treat[]" the Motion as unopposed because the Opposition "was filed 79 days late" and is not in accord "with the requirements of" Local Civil Rule 7.1(d). Reply at 2-3. In filing the Motion on February 1,

2022, the Opposition was due no later than February 22, 2022.[2]  In accordance with this briefing schedule, Plaintiff submitted its opposition 78 days after the due date.  Thus, the Opposition violates Local Civil Rule 7.1(d)(2) because it was untimely, and Plaintiff did not seek an "automatic extension" under Local Civil Rule 7.1(d)(5).  The Opposition also did not address UPS's substantive arguments raised in the Motion and relied exclusively on UPS's Resp. to Pl.'s Rogs, which according to Plaintiff, entitles him to relief.  Opp. at 1-4.

4. Due to the untimeliness of the Opposition and lack of responses to UPS's arguments, the Court may consider the Motion unopposed.  *See DeHart v. U.S. Bank, N.A. ND, et al.*, 811 F.Supp.2d 1038, 1048 (D.N.J. 2011) (Granting defendant's motion to dismiss breach of duty of good faith and fair dealing claim due to plaintiff's failure to respond to defendant's argument); *see also Maun v. Kotler*, 2014 WL 5308186, *3 (D.N.J. Oct. 15, 2014) (Granting defendant's motion to vacate default as uncontested because plaintiff "did not oppose the motion" or timely request an "extension of time to respond").  The Court, however, may relax the Local Civil Rules based on Plaintiff's *pro se* status.  *See Reich v. Farleigh Dickinson Univ.*, No. 17-7608, slip op., 2022 WL 2384007, n.3 (D.N.J. July 1, 2022) (permitting sur-reply without leave "given Plaintiff's status as a *pro se* litigant").  Local Civil Rule 83.2(b) also allows the Court to relax the Local Civil Rules to prevent "surprise or injustice[.]"  Indeed, courts in this District generally relax the Local Civil Rules in *pro se* litigant matters.  *See Martin v. Keitel*, No. 6-5798, 2007 WL 1175736, at *1 (D.N.J. April 18, 2007) ("In deference to a litigant's pro se status, . . . the Court may relax . . . deadline[s] to prevent surprise or injustice") (citations omitted); *see also Malik v. Hannah*, No. 5-3901, 2007 WL 38755, at *1 (D.N.J. Jan. 3, 2007) (same).

---

[2] The Opposition was due February 22, 2022, because February 21, 2022, was a Federal Holiday.  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY'S 2022 MOTION DAYS, https://www.njd.uscourts.gov/sites/njd/files/2022Motions.pdf).

5.⠀⠀⠀⠀⠀Relatedly, UPS also did not comply with Local Civil Rule 7.2(b) because UPS's memorandum of law did not "include a . . . table of authorities[,]" and the Reply contained neither a "table of contents" nor "a table of authorities[.]" *See, gen.,* UPS's Mem. of Law (ECF No. 22-1). Additionally, UPS did not timely "annex[] . . . a proposed order" to the Motion pursuant to Local Civil Rule 7.1(e), and filed the proposed order six days later (ECF No. 26). The proposed order also does not provide for the Court to grant UPS's alternative request for a more definite statement of the Complaint.

6.⠀⠀⠀⠀⠀Given the parties' procedural defects, the Court "in its discretion will overlook the[se] procedural irregularities in deciding the merits of this case but will instruct" all parties "that, in the future," they are "required to follow all Federal and local civil rules[,]" and that the "failure to do so may warrant sanctions, including dismissal of all claims[.]" *Ameriprise Fin. Servs. v. Koenig*, 2012 WL 379940, *8 n.9 (D.N.J. Feb. 6, 2012). The Court, however, will not do so in the future. Plaintiff is also directed to review the Federal Rules of Civil Procedure, the Local Civil Rules, and the "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') In Federal Court" (*see* ECF No. 2), to assist in the prosecution of his claims.

7.⠀⠀⠀⠀⠀In deciding the merits of the Motion, this action seems to arise out of Plaintiff's alleged denial of a promotion and later termination at UPS, and alleged injuries sustained while employed at UPS. *See, gen.,* Compl. The Complaint sets forth 362 separate allegations in purported support of Plaintiff's claims against UPS and Defendant Concentra Health Services, Inc. ("Concentra"). Specifically, the Complaint alleges "General Allegation[s]" and six claims against UPS and Concentra for purported violations of Occupational Safety and Health Administration or "OSHA", New Jersey's Workers' Compensation law, the Federal Trade Commission Act, the New Jersey Consumer Protection Act, the Health Insurance Portability and Accountability Act, the New

Jersey Consumer Act, unfair labor practices under 29 U.S.C. § 158, and alleges negligence and medical malpractice. *Id*.

8. The Court finds that the allegations are unintelligible, difficult to follow, lack specificity, and do not put UPS on notice of the claims against it. For example, Plaintiff alleges that "[a]fter [his] right-hand [was] injured at work on 10/21/2019, UPS did not report [his] injury promptly" and did not "even . . . consider[] or care about the diagnosis [sic][,]" and further alleges that "[a]ctivity restriction prescribed by 2 Orthopedic specialists[,]" and that "UPS took [him] to Concentra, 9 days after accident, to document [his] injury as an injury with non-recordable nature, to violate occupational Health and Safety Act[,]" and that "Concentra to enable UPS to violate OSH Act inflict[ed] permanent deformation to [his] finger" and, as a result, Plaintiff "lost [his] full-time job after [he] [sustained] [a] left hand injury[,]" and that "[d]ue to 10 LB. lifting restriction[,] no employer hired [Plaintiff] yet[,]" and that "UPS did not accommodate [him] for light duty[.]" Compl. at ¶¶ 91, 100, 123, 130.

9. In addition, Plaintiff annexed two letters to the Complaint (ECF Nos. 1-2) that similarly do not inform UPS of the claims against it. The first letter is dated December 20, 2019 and is purportedly written from the U.S. Department of Labor without a signature line regarding "OSHA Complaint No. 1528501" addressed to Maria Paulina Vargas and Harry Wilson at UPS, 493 County Avenue Secaucus, New Jersey 07094, which allegedly directs UPS to a December 20, 2019 notice to OSHA concerning "alleged workplace hazard(s) at" the UPS Secaucus location including employees being "discouraged from reporting illnesses and injuries[,]" "[t]reatment . . . not [being] provided in a timely fashion[,]" UPS sending employees who report injuries "to their contract physician[,]" and "[p]ackage handlers and other employees . . . getting injured from drivers of vehicles in the loading dock driving away too soon, while package handlers are still

loading the truck." The second letter is dated July 13, 2021, and is purportedly written by the U.S. Department of Health and Human Services, Office for Civil Rights addressed to Plaintiff regarding "OCR Transaction Number: CU-21-429024[,] Naderi, Nader vs. Concentra[,]" which allegedly informs Plaintiff that his "complaint" of "an alleged act of discrimination or privacy" is untimely.

10. Based on the face of the Complaint, the pleading is not in accord with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(1)-(3) requires Plaintiff to set forth claims for relief that include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" 8(d)(1) calls for each allegation in the Complaint to be "simple, concise, and direct[,]" and 10(b) requires claims to be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Because the Complaint violates the preceding Fed. R. Civ. P., an Order directing Plaintiff to submit a more definite statement of the Complaint is appropriate.

11. Under Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Ibid.* Here, the required procedural requirements are met because UPS has not filed a responsive pleading and herein moves alternatively for a more definite statement, and sets forth the defects in the Complaint.

12. "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 222 (D.N.J. 2003) (citations omitted). While such motions are generally "disfavored particularly in light of the liberal

pleading standards under the Federal Rules" (*see Powell v. Subaru of America, Inc.*, 502 F.Supp.3d 856, 898 (D.N.J. 2020) (citation and internal quotations omitted)), the "prevailing standard employed by district courts in this Circuit is to grant such a motion when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Clark*, 213 F.R.D. at 222-23 (citations and internal quotations and brackets omitted). "The basis for granting" a motion for a more definite statement "is unintelligibility, not lack of detail." *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F.Supp.2d 729, 737 (D.N.J. 2008) (citation omitted).

13. Here, UPS argues that the "Complaint is vague, ambiguous, and short on clear and direct factual allegations that support any plausible claim under the statutes which Plaintiff seeks relief." UPS's Mem. of Law, at 14-15. UPS argues that the Complaint does not set forth a "*prima facie*" case for any of the alleged claims in the Complaint. *Id.* at 15. UPS further argues "Plaintiff uses his Complaint as a forum to tell a verbose story regarding an injury he allegedly sustained at work." *Ibid.* Finally, UPS claims it "cannot reasonably prepare a response to the allegations raised in the Complaint[,]" the Complaint is a "classic 'puzzle pleading[,]'" and that it is "entitled to fair notice of what Plaintiff's claims are and the grounds upon which Plaintiff's claims rest." *Id.* at 15-16 (citation omitted).

14. As discussed herein, UPS has shown that a more definite statement of the Complaint is required. The Complaint does not present a "short and plain statement of" the alleged claims that suggest Plaintiff "is entitled to relief[,]" a succinct "demand for the relief sought[,]" and does not present Plaintiff's allegations in "simple, concise, and direct" terms. The paragraphs in the Complaint are frequently not "limited" to "a single set of circumstances" and raise numerous allegations and arguments in conclusory fashion. The Complaint is also "vague[,] ambiguous[,]"

and not "sufficiently specific" to allow UPS to determine what the claims are, the basis of those claims, and how to defend against each. In ordering Plaintiff to submit a more definite statement of the Complaint, the Court notes that the pleading will streamline this case such that should this matter proceed, the issues will be focused, limited, and allow for more pointed discovery.

15. In sum, and for all the foregoing reasons, the Motion is **GRANTED** as to UPS's alternative request for an Order directing Plaintiff to submit a more definite statement of the Complaint. Plaintiff is herein **ORDERED** to file a more definite statement of the Complaint no later than 30 days from the date of the Order, or by August 31, 2023. Should Plaintiff fail to do so within the time prescribed herein, the Court "may strike the pleading or issue any other appropriate order" pursuant to Fed. R. Civ. P. 12(e). The Motion is **DENIED** without prejudice as to UPS's request for dismissal of the Complaint.

DATED: August 1, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge